UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIRIAM HART, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No.: ) |
| TATE & KIRLIN ASSOCIATES, | ) COMPLAINT AND DEMAND FOR ) JURY TRIAL |
| Defendant | ) ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

MIRIAM HART ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TATE & KIRLIN ASSOCIATES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Newberry, Florida.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2810 Southampton Road, Philadelphia, PA 19154.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Beginning in or around May 2011, and continuing through August 2011, Defendant and others it retained constantly and continuously placed harassing and abusive collection calls to Plaintiff.

13. Many of Defendant's collection calls to Plaintiff originated from: (267) 385-3079 and (267) 298-2901, which the undersigned has confirmed are telephone numbers belonging to Defendant.

14. At first, in May and June 2011, Defendant contacted Plaintiff, on average, about four (4) times a day in its efforts to collect a consumer debt.

15. Each time Defendant called and was unable to speak with Plaintiff, Defendant

left a voicemail message for Plaintiff on her home answering machine.

16. As a result, Plaintiff was inundated with approximately four (4) phone calls and four (4) voicemail messages a day from Defendant in May and June 2011.

17. Thereafter, in July and August 2011, the volume of Defendant's calls decreased, but Defendant still continued to call Plaintiff, on average, once a day and leave her one voicemail message a day.

18. On at least two separate occasions in July 2011, Defendant contacted Plaintiff on her cellular telephone between 10:00 p.m. and 11:00 p.m., which were inconvenient times for Plaintiff to receive Defendant's collection calls.

19. Upon information and belief, Defendant called Plaintiff on a repetitive basis with the intent to harass Plaintiff into paying an alleged debt.

20. The repetitive calls to Plaintiff were intended by Defendant to be disturbing, harassing, and an invasion of privacy.

21. Additionally, in its attempts to collect a debt from Plaintiff, in July 2011, Defendant contact Plaintiff's daughter.

22. During this call, Defendant disclosed to Plaintiff's daughter that it was a debt collector, and it was attempting to contact Plaintiff.

23. Plaintiff never gave Defendant permission to communicate with her daughter about the alleged debt.

24. Upon information and belief, Defendant disclosed the fact that it was attempting to collect a debt form Plaintiff to Plaintiff's daughter, in order to harass and embarrass Plaintiff into paying the alleged debt.

25. Finally, in its attempts to collect a debt from Plaintiff, on June 27, 2011, and

August 16, 2011, Defendant sent correspondence to Plaintiff seeking payment of the alleged debt using the enticement of a "limited time settlement." See Exhibits A and B, Defendant's June 27, 2011, and August 16, 2011, correspondence to Plaintiff.

26. However, nowhere in Defendant's June 27, 2011, and August 16, 2011, letters to Plaintiff does Defendant disclose its identity as a debt collector and/or that the letters are an attempt to collect a debt.

27. Upon information and belief, Defendant purposefully chose to withhold its identity as a debt collector so that it could trick Plaintiff into making payment on the alleged debt.

## CONSTRUCTION OF LAW

28. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

29. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.     In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692b(2) of the FDCPA when it disclosed to another person that it was seeking to collect a debt from Plaintiff;

    c. Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at an unusual time or place that it knew or should have know was inconvenient;

    d. Defendant violated §1692c(b) of the FDCPA when it communicated with another person about its attempt to collect a debt from Plaintiff;

e. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

f. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff; and

g. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations in connection with the collection of a debt;

h. Defendant violated §1692e(11) of the FDCPA when it failed to disclose in its correspondence with Plaintiff that the communication was from a debt collector;

i. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, MIRIAM HART, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MIRIAM HART, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1
2                                              RESPECTFULLY SUBMITTED,
3
4  Date: 11-29-11                              By: _____
5                                              Craig Thor Kimmel
                                                Attorney ID No. 57100
6                                               Kimmel & Silverman, P.C.
                                                30 E. Butler Pike
7                                               Ambler, PA 19002
                                                Phone: (215) 540-8888
8                                               Fax: (877) 788-2864
                                                Email:   kimmel@creditlaw.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT



2810 Southampton Road
Philadelphia, PA 19154-1207

16961089                    1 1 00000055 A
                            870079

# TATE & KIRLIN ASSOCIATES
*2810 Southampton Road*
*Philadelphia, PA 19154-1207*
*Toll Free (866) 763-7125 • (267) 298-2901*

Miriam Diner Hart

June 27, 2011

Creditor:          JPM CHASE
Client Ref #:      0752144907
Account#:          1089
Total Due:         $56,234.58

## IMPORTANT NOTICE

Our client has authorized us to offer a limited time settlement for 50% of your balance or $28,117.29 to resolve this debt. This payment must be received in our office by July 18, 2011 or this offer is void.

Please contact our office at our toll free number should you have any questions or wish to determine if this settlement offer can be made in installments.

Please retain the upper portion of this letter for your records.

Yours truly,

*Thomas McNamee*

---

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

June 27, 2011
Miriam Diner Hart

Creditor:          JPM CHASE
Client Ref #:      0752144907
Account#:          1089
Total Due:         $56,234.58

Please indicate any address changes below:

Address: _____
City, State, Zip _____
Home Phone #: _____
Business Phone #: _____

Tate & Kirlin Associates
2810 Southampton Road
Philadelphia, PA 19154-1207



PLAINTIFF'S EXHIBIT A

850
TNK.wfd
870079



2810 Southampton Road
Philadelphia, PA 19154-1207

16961089                    1 1 00000027 A
                            893781

# TATE & KIRLIN ASSOCIATES
*2810 Southampton Road*
*Philadelphia, PA 19154-1207*
Toll Free (866) 763-7125 • (267) 298-2901

Miriam Diner Hart

August 16, 2011

Creditor:       JPM CHASE
Client Ref #:   0752144907
Account#:       .1089
Total Due:      $56,234.58

## IMPORTANT NOTICE

Our client has authorized us to offer a limited time settlement for 50% of your balance or $28,117.29 to resolve this debt. This payment must be received in our office by September 6, 2011 or this offer is void.

Please contact our office at our toll free number should you have any questions or wish to determine if this settlement offer can be made in installments.

Please retain the upper portion of this letter for your records.

Yours truly,

*Thomas McNamee*

--------

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

August 16, 2011
Miriam Diner Hart

Creditor:       JPM CHASE
Client Ref #:   0752144907
Account#:       1089
Total Due:      $56,234.58

Please indicate any address changes below:

Address: _____
City, State, Zip _____
Home Phone #: _____
Business Phone #: _____

Tate & Kirlin Associates
2810 Southampton Road
Philadelphia, PA 19154-1207



PLAINTIFF'S EXHIBIT B



550
TNK.wfd
893781